55,762-13

This document contains some
pages that are of poor quality
at the time of imaging.

DATE MAY 8,2015

RE:  MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS AND WRIT OF MANDAMUS IN
     TRIAL CAUSE NO.776435-B.


DEAR CLERK ,

  CAN YOU PLEASE FILE THIS DOCUMENTS AND PRESENT THEM TO THE COURT FOR THEIR
CONSTDERATION.

  ALSO I HAVE PLACED A STAMPED ENVELOPE WITH THIS LETTER CAN YOU PLEASE IN-
FORM ME  OF THE DATE YOU RECEIVE AND FILE SAID DOCUMENTS. THANK YOU.

C.C.F.

                                        X _____
                                          JOSEPH B. HINES
                                          #901768-CONNALLY UNTT
         RECEIVED IN                      899 FM 632
  COURT OF CRIMINAL APPEALS                KENEDY,TX.78119

         MAY 1 1 2015

      Abel Acosta, Clerk

TRIAL CAUSE NO.776435-B

JOSEPH BARNARD HINES,                    §

      RELATOR

V.                                       § IN THE COURT OF CRIMINAL APPEALS

CHRIS DANIEL,HARRIS COUNTY DISTRCIT
CLERK,                                   §

      RESPONDENT

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 1 1 2015

Abel Acosta, Clerk

## MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS

TO THE HONORABLE JUDGE(S) OF SAID COURT:

  Comes now,Joseph Barnard Hines,Relator,in pro se. and files this motion for leave to file writ of mandamus and request for such motion to be granted as Relator will show as follows:

### I.

  Relator filed his application for writ of habeas corpus with the Harris County district clerks office on 3/23/15 and was assigned the above cause number. The State issued it's original answer on 4/2/15.see,EX-A[STATE'sORIGINAL ANSWER]. The trial court filed it's fact finding of conclusion of law on 4/9/15.see.EX-B[ TRIAL COURT FACT FINDING OF CONCLUSION OF LAW].

  Contained inside of the trial courts ORDER is instructions for the district clerk to forward all document to the court of criminal appeals.see,EX-B. Relator has exhausted his remedies and has no other adequate remedy at and the act sought to be compelled is ministerial,not discretionary in nature.T.C.C.P. art.11.07 sec.3 (c).

### PRAYER FOR RELIEF

  WHEREFORE,Relator respectfully prays the Court grants his motion for leave for writ of mandamus and compel Respondent to immediately transmit the application for writ of habeas corpus,memorandum,exhibits,any answer filed,and a certificate reciting the date received.

executed on 5/7/15

x _Joseph Bernard Hines_

1

## CERTIFICATE OF SERVICE

I,JOSEPH BARNARD HINES,HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS WITH WRIT OF MANDAMUS ATTACHED WAS MAILED BY U.S.P.S. TO:THE CLERK OF THE COURT OF CRIMINAL APPEALS at-P.O. BOX 12308,CAPITOL STATION, AUSTIN,TEXAS 78711 and the same was mailed bv U.S.P.S. TO:THE CLERK OF HARRIS COUNTY at:P.O.BOX 4651,HOUSTON,TEXAS 77210-4651 on 5/8/15.

executed on 5/7/15.

x _____
JOSEPH BARNARD HINES
#901768-CONNALLY UNIT
899 FM 632
KENEDY,TEXAS 78119

2

TRIAL CAUSE NO. 776435-B

JOSEPH BARNARD HINES,                    §
      RELATOR

V.                                       § IN THE COURT OF CRIMINAL APPEALS

CHRIS DANIEL, DISTRICT CLERK OF
HARRIS COUNTY,                           §
         RESPONDENT


## PROPOSED ORDER


On this day, came on to be heard the foregoing Relator's motion for leave to file writ of mandamus and it appears to the court that the same should be:

GRANTED

IT IS THEREFORE ORDERED that the district clerk of Harris County shall immediately transmit to the court of criminal appeals documents filed under the above cause dealing with the writ of habeas corpus.

SIGNED on this_____day of_____, 20_____.


_____
PRESIDING JUDGE

3

TRIAL CAUSE NO.776435-B

| | | |
|---|---|---|
| JOSEPH BARNARD HINES, | § | IN THE 180th JUDICIAL |
| RELATOR | § | |
| V. | § | DISTRICT COURT OF |
| CHRIS DANIEL,HARRIS COUNTY | § | HARRIS COUNTY,TEXAS |
| DISTRICT ,IN HIS OFFICIAL | | |
| CAPACITY,-RESPONDENT | § | |

## ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE(S) OF SAID COURT OF CRIMINAL APPEALS:

Comes now,JOSEPH BARNARD HINES,Relator,in pro se,in the above-styled and numbered cause of action and files this original application for writ of mandamus,pursuant to article 11.07 section 3 (c) of the Texas Code of Criminal Procedure,and would show the court the following:

I.

Relator is an offender incarcerated in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE,who can be located at 899 FM 632 KENEDY,TX.78119

II.

Relator has exhausted his remedies and has no other adequate remedy at law,and the act sought to be compelled is ministerial, not discretionary in nature. T.C.C.P. art. 11.07 sec.3(c) requires Respondent to immediately transmit to the COURT OF CRIMINAL APP-EALS a copy of the application for writ of habeas corpus,any ans-wer filed,and a certificate reciting the date upon which that finding was made,if the convicting court decides that there are no issues to be resolved.

Relator contends that the district attorney filed it's original answer on 4/2/15.see,EX-A[STATES ORIGINAL ANSWER],and the trial court filed it's fact finding and conclusion of law on 4/9/15.see,EX-B [TRIAL COURT FACT FINDING AND CONCLUSION OF LAW].

Had the documents been transmitted to the COURT OF CRIMINAL APP-EALS by Respondent as required by statute,Relator would have re-ceived notice from the COURT OF CRIMINAL APPEALS. Relator also wrote two letters to the c.c.a. requesting if it has received

1

such documents and the court clerk stated that it had not.see,EX-C [RELATOR LETTERS TO C.C.A.],also EX-E[COURT OF CRIM.APPEALS RESPONSE].

## III.

Respondent in his official capacity as district clerk of Harris County,Texas has a ministerial duty to receive and file all papers in a criminal proceeding.,and perform all other duties imposed on the clerk bv law pursuant to T.C.C.P. art. 2.21,and is responsible under T.C.C.P. 11.07 sec.3(c) to immediately transmit to the COURT OF CRIMINAL APPEALS a copy of the application for writ of habeas corpus,any answers filed,and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved. Respondent of Harris County may be served at his place of business at:1201 FRANKLIN,P.O.BOX 4651,HOUSTON,TEXAS 77210-4651.

## IV.

Relator request for the transmittal of the application for writ of habeas corpus with memorandum,exhibits,any answers filed. Relator has also attached to this original writ of mandamus a copy of the writ of habeas corpus,memorandum,exhibits,states original answer and district court fact finding and conclusion of law.see, EX-D[APPLICATION OF WRIT OF HABEAS CORPUS,MEMORANDUM,AND EXHIBITS], EX-A[STATE'S ORIGINAL ANSWER],EX-B[DISTRICT COURT FACT FINDING AND CONCLUSION OF LAW]

### PRAYER FOR RELIEF

WHEREFORE,PREMISES CONSIDERED,Relator respectfully request a finding that the Respondent did not transmit documents to the COURT OF CRIMINAL APPEALS. Relator prays for an ORDER directing Respondent to tranmit the application for writ of habeas corpus, memorandum,exhibits,any answers filed,and a certificate reciting the date upon which that finding was made to the COURT OF CRIMINAL APPEALS.

RESPECTFULLY SUBMITTED,

2

## CERTIFICATE OF SERVICE

I,JOSEPH BARNARD HINES,HEREBY CERTIFY THAT THIS ORIGINAL APPLI-CATION OF WRIT OF MANDAMUS WITH ALL EXHIBITS MENTION WAS MAILED BY U.S.P.S. TO:THE CLERK OF THE COURT OF CRIMINAL APPEALS AT P.O.BOX 12308,CAPITOL STATION,AUSTIN,TEXAS 78711,and the same was mailed by U.S.P.S TO:CHRIS DANIEL-HARRIS COUNTY DISTRICT CLERK AT P.O.BOX 4651,HOUSTON,TEXAS 77210-4651 on 5/8/15. executed on5/7/15.

x _____
JOSEPH BARNARD HINES
#901768-CONNALLY UNIT
899 FM 632
KENEDY,TX. 78119

3

TRIAL CAUSE NO.776435-B

AFFIDAVIT

I,JOSEPH BARNARD HINES,SWEAR UNDER OATH THAT THE FACTS AND AL-
LEGATIONS IN THE ABOVE APPLICATION FOR WRIT OF MANDAMUS ARE TRUE
AND CORRECT.

X _____
RELATOR

UNSWORN DECLARATION

I,JOSEPH BARNARD HINES,IS PRESENTLY INCARCERATED IN T.D.C.J.-ID
AT THE CONNALLY UNIT,AND SWEAR UNDER THE PENALTY OF PERJURY THAT
THIS STATEMENT IS TRUE AND CORRECT.

X _____

4

TRIAL CAUSE NO. 776435-B

| | | |
|---|---|---|
| JOSEPH BARNARD HINES, | § | IN THE 180th JUDICIAL |
| RELATOR | | |
| V. | § | DISTRICT COURT OF |
| CHRIS DANIEL, DISTRICT CLERK, | | |
| RESPONDENT | § | HARRIS COUNTY, TEXAS |

## PURPOSE ORDER

On this day, came on to be heard the foregoing Relator's original application of writ of mandamus and it appealrs to the Court that the same should be:

GRANTED

IT IS THEREFORE ORDERED that the district clerk shall immediately transmit to the COURT OF CRIMINAL APPEALS a copy of the application for writ of habeas corpus, memorandum, exhibits, any answers, and a certificate reciting the date upon which that transmittal was made.

SIGNED on this _____ day of _____, 20_____.

_____
PRESIDING JUDGE

NO. 776435-B

| | | |
|---|---|---|
| EX PARTE | § | IN THE 180TH DISTRICT COURT |
| | § | OF |
| JOSEPH BARNARD HINES,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S ORIGINAL ANSWER

The State of Texas, through its Assistant District Attorney for Harris County, files this, its original answer in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to TEX. CRIM. PROC. CODE ANN. art. 11.07 § 3 (West 2013), and would show the following:

### I.

The applicant is confined pursuant to the judgment and sentence of the 180th District Court of Harris County, Texas, in cause number 776435 (the primary case), where on November 1, 1999, the applicant was convicted pursuant to a plea of guilty for the felony offense of aggravated robbery. The court, in agreement with the plea agreement, assessed punishment at fifteen (15) years confinement in the Texas Department of Criminal Justice – Institutional Division (TCDJ-ID).

The Fourteenth Court of Appeals dismissed the applicant's appeal in the primary case on January 4, 2001 for lack of jurisdiction. *Hines v. State*, No. 14-00-01014-CR, 2001 WL 8322 (Tex. App.—Houston [14th Dist.], no pet.)(mem. op., not designated for publication).

*Ex-A*

The applicant's initial application for writ of habeas corpus, cause number 776435-A, was denied on August 25, 2004. *Ex Parte Hines*, WR-55,762-02 (Tex. Crim. App. 2004).

## II.

The State denies the factual allegations made in the instant application, except those supported by official court records, and offers the following additional reply:

### REPLY TO APPLICANT'S SOLE GROUND FOR RELIEF

In the applicant's sole ground for relief the applicant alleges that the juvenile court abused its discretion by transferring the applicant to the state criminal court. *Applicant's Writ at 6.*

However, if a subsequent writ application is filed after final disposition of an initial application challenging the same conviction, the Court may not consider the merits of or grant relief based on a subsequent application unless the application contains sufficient specific facts establishing that:

(1) the current claims have not been and could not have been presented previously in an original or in a previously considered application because the <u>factual or legal basis for the claim was unavailable</u> on the date the applicant filed the previous application; or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution <u>no rational juror could have found the applicant guilty beyond a reasonable doubt</u>.

TEX. CRIM. PROC. CODE ANN. art. 11.07 § 4 (a) (West 2013).

The instant writ application was filed after the final disposition of the

2

EX-A

applicant's initial writ application, cause number 776435-A, which challenged the same conviction and was denied on August 25, 2004. In this application, the applicant has failed to include sufficient specific facts establishing that the current claims could not have been presented previously because the factual or legal basis for the claim was unavailable; or that, by a preponderance of the evidence, no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (a) (West 2013). Therefore, the Court may not consider the merits of or grant relief based on the instant writ of habeas corpus.

### III.

The applicant raises questions of law and fact that can be resolved by the Court of Criminal Appeals upon review of official court records and without need for an evidentiary hearing.

3

*Ex-A*

## IV.

Service has been accomplished by sending a copy of this instrument to the following address:

> Joseph Barnard Hines
> TDCJ # 901768 – Connally Unit
> 899 FM 632
> Kenedy, Texas 78119

SIGNED this 2nd day of April, 2015.

Respectfully submitted,

Eva Flores
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar I.D. #24059760

Prepared by:
Joshua Redelman - Intern

Ex-A

## Certificate of Compliance as Required by Tex. R. App. 73.1(f)

The State of Texas, through its Assistant District Attorney for Harris County, files this, its Certificate of Compliance in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to TEX. CRIM. PROC. CODE ANN. art. 11.07 § 3 (West 2013). The State certifies that the number of words in the State's Answer is <u>692</u>.

Ex-A



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

April 10, 2015

JOSEPH BARNARD HINES
#901768 CONNALLY UNIT
899 FM 632
KENEDY, TEXAS 78119

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 776435-B in the 180th District Court.

☐ State's Original Answer Filed ,

☐ Affidavit ,

☐ Court Order Dated ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☒ Respondent's Proposed Findings of Fact and Order April 9, 2015

☐ Other

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

Enclosure(s) – STATE'S PROPOSED FINDINGS OF FACT AND ORDER

Ex-B

NO. 776435-B

FILED
Chris Daniel
District Clerk
APR 18 201

EX PARTE § IN THE 180TH DISTRICT COURT

§ OF

JOSEPH BARNARD HINES,
  Applicant § HARRIS COUNTY, TEXAS

## STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

The Court has considered the application for writ of habeas corpus, the State's answer and official court records in the above-captioned cause. The Court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing and recommends that the instant writ, cause number 776435-B, be dismissed because the applicant has failed to include sufficient specific facts establishing that the current claims could not have been presented previously because the factual or legal basis for the claim was unavailable; or that, by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CRIM. PROC. CODE ANN. art. 11.07 § 4(a) (West 2013).

EX-83

THE CLERK IS ORDERED to prepare a transcript and transmit same to the Court of Criminal Appeals as provided by TEX. CRIM. PROC. CODE ANN. art. 11.07 (West 2013). The transcript shall include certified copies of the following documents:

1. The application for writ of habeas corpus;

2. The State's answer;

3. The Court's order;

4. The indictment, judgment and sentence, and docket sheets in cause number 776435;

5. The Court's Findings of Fact and Conclusions of Law; and

6. The State's and Applicant's Proposed Findings of Fact and Conclusions of Law (if any).

THE CLERK is further **ORDERED** to send a copy of this order to the applicant, Joseph Barnard Hines, TDCJ # 901768 – Connally Unit, Kenedy, Texas, 78119; and to counsel for the State, Eva Flores, 1201 Franklin, Suite 600, Houston, Texas 77002.

**By the following signature, the Court adopts The State's Proposed Findings of Fact, Conclusions of Law and Order in cause no. 776435-B.**

SIGNED this 9 day of April, 2015.

JUDGE PRESIDING, 180TH DISTRICT COURT
HARRIS COUNTY, TEXAS

2   EX-B

NO. 776435-B

| | | |
|---|---|---|
| EX PARTE | § | IN THE 180TH DISTRICT COURT |
| | § | OF |
| JOSEPH BARNARD HINES,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that I have served a copy of the *State's Proposed Findings of Fact, Conclusions of Law, and Order* in cause number 776435-B to the applicant on April 2, 2015, by mail as follows:

Joseph Barnard Hines
TDCJ # 901768 – Connally Unit
899 FM 632
Kenedy, Texas 78119

**F I L E D**
Chris Daniel
District Clerk

APR 1 8 2015

Time: _____
Harris County, Texas
By: _____
Deputy

Eva Flores
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
(713) 755-5240
Texas Bar I.D. #24059760

Prepared by:
Joshua Redelman – Intern

3    EX-B

JOSEPH B. HINES
#901768-CONNALLY UNIT
899 ~~842~~ FM 632
KENEDY, TX. 78119

CLERK
COURT OF CRIMINAL APPEALS
P.O. BOX 12308-CAPITOL STATION
AUSTIN, TX. 78711

APRIL 21, 2015

RE:   WRIT OF HABEAS CORPUS IN TRIAL NO. 726435-B

CLERK,
   CAN YOU PLEASE INFORM ME IF YOUR OFFICE HAS RECIEVED MY APPLICATION FOR
WRIT OF HABEAS CORPUS FROM THE DISTRICT COURT OF HARRIS COUNTY?
THANK YOU.

C.C.F.

EX-C

JOSEPH BARNARD HINES
#901768-CONNALLY UNIT
899 FM 632
KENEDY, TEXAS 78119


CLERK
COURT OF CRIMINAL APPEALS
P.O.BOX 12308-CAPITOL STATION
AUSTIN,TX. 78711

APRIL 30,2015


RE: WRIT OF HABEAS CORPUS IN TRIAL CAUSE NO.776435-B


CLERK,

   Im writting in concern of the writ in the above trial cause that I was
inform by the district court that it was sent to your office. I wrote a letter
to your officer concerning this matter on April 21,2015,but I didn't receive a
response.
   This request is in no attempt to rush your officer,I'm just diligent seeking
my rights,so can you please inform me if your officer has received said writ of
habeas corpus and memorandum?

   Thank you for your time in this matter.

c.c.i.                                                    x _____

EX-C

JOSEPH BARNARD HINES
#901768-CONNALLY UNIT
899 FM 632
KENEDY,TX. 78119

CHRIS DANIEL-DISTRICT CLERK OR
HARRIS COUNTY
P.O.BOXX 4651
HOUSTON,TX.77210-4651

APRIL 30,2015

RE: IN WRIT OF HABEAS CORPUS/TRIAL CAUSE NO.776435~B

CLERK,

    Can you please inform me if your office has forwarded the writ of habeas corpus file in the above trial cause number?TO THE COURT OF CRIMINAL APPEALS?

    Thank you for your time in this matter.

C.C.F.

X _____

EX-C

## COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Ex-D

Rev. 01/14/14

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: JOSEPH BARNARD HINES

DATE OF BIRTH: MARCH 26, 1981

PLACE OF CONFINEMENT: TEXAS DEPARTMENT OF CRIMINAL JUSTICE

TDCJ-CID NUMBER: 901768      SID NUMBER: _____

(1)    This application concerns (check all that apply):

    X ☐    a conviction          ☐    parole

      ☐    a sentence          ☐    mandatory supervision

      ☐    time credit          ☐    out-of-time appeal or petition for discretionary review

(2)    What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

    THE 180th district court of Harris County

(3)    What was the case number in the trial court?

    776435

(4)    What was the name of the trial judge?

    DEBBIE M. STRICKLIN

    EVIDENTIARY HEARING REQUESTED

Rev. 01/14/14

Ex-D

(5)   Were you represented by counsel? If yes, provide the attorney's name:

CHARLES A. BROWN
_____

(6)   What was the date that the judgment was entered?

~~11-1-99~~  11-1-99
_____

(7)   For what offense were you convicted and what was the sentence?

AGGRAVATED ROBBERY- FIFTEEN YEARS
_____

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

CONVICTED OF AGG.ROBBERY IN SEPARATE INDICTMENTS ON SAME DAY-FIFTEEN YEARS
_____

_____

(9)   What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐x guilty-plea bargain
☐ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10)  What kind of trial did you have?

☐ no jury                  ☐ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

Ex-D

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

NO

(12) Did you appeal from the judgment of conviction?

X☐ yes ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? 14th COURT OF APPEALS

(B) What was the case number? 14-00-01014-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

LEORA KAHN

(D) What was the decision and the date of the decision? DISMISSED/ 1-4-01

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes X☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? NA

(B) What was the decision and the date of the decision? N/A

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

X☐ yes ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? 55,762-02

3

Ex-D

(B) What was the decision and the date of the decision? DENIED WITHOUT WRITTEN ORDER ON 8-25-04

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

BECAUSE THE LEGAL BASIS FOR THE CLAIM[STANDARD OF REVIEW] WAS NOT RECOGNIZED BY

AND COULD NOT HAVE BEEN REASONABLY FORMULATED FROM A FINAL DECISION OF A COURT

OF APPELLATE JURISDICTION[MOON v. STATE,410 S.W. 3d 366(TEX.APP.-HOUSION[1st dist.]

2013,AFF'D____S.W. 3d____,2014 tex. crim. app.lexis 1918,2014 WL 6997366 ] OF THIS STATE ON OR BEFORE THE FILING OF ORIGINAL HABEAS CORPUS.

ALSO, CONSTITUTIONAL VIOLATION OF LACK OF JURISDICTION,OF THE UNITED STATES .

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes      X ☐ no

If you answered yes, please provide the name of the court and the case number:

_____N/A_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes      ☐ no   N/A

If you answered yes, answer the following questions:

(A) What date did you present the claim? N/A_____

(B) Did you receive a decision and, if yes, what was the date of the decision?

N/A_____

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

Ex-D

_____

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Ex-D

Rev. 01/14/14

**GROUND ONE:** THE JUVENILE COURT ABUSED IT'S DISCRETION BY WAIVING IT'S JURISDICTION AND TRANSFERRING APPLICANT TO A CRIMINAL COURT; THEREFORE THE CRIMINAL COURT LACKED JURISDICTION OVER APPLICANT WHERE THE TRANSFER ORDER MADE NO FINDINGS ABOUT THE SPECIFICS OF THE ALLEGED OFFENSE. AAPPLICANT IS BEING DENIED HIS CONSTITUTIONAL RIGHT OF DUE PROCESS GUARANTEE BY THE 14th AMENDMENT OF THE UNITED STATES.

## FACTS SUPPORTING GROUND ONE:

THE JUVENILE COURT DID NOT SPECIFICALLY STATE IT'S REASONS FOR WAIVER AND CERTIFY IT'S ACTION IN THE WRITTEN ORDER AND THE FINDINGS OF THE COURT.

THE JUVENILE COURT MERELY FILLED OUT A FORM CERTIFICATION ORDER CONTAINING "BOILERPLATE" LANGUAGE AND DID NOT INCLUDE SPECIFIC EVIDENTIARY FINDINGS TO SUPPORT IT'S DETERMINATIONS.see,EX-B[ORDER WAIVING JURISDICTION]. THE ONLY REASON SPECIFICALLY STATED IN THE ORDER WAIVING JURISDICTION TO JUSTIFY THE WAIVER OF JURISDICTION WAS THAT THE OFFENSE ALLEGED WAS A SERIOUS ONE,AND THE ONLY FACT SPECIFIED IN SUPPORT OF THIS REASON WAS THAT THE OFFENSE ALLEGED WAS COMMITTED AGAINST A PERSON.see,EX-B[ORDER WAIVING JURISDICTION].

FURTHERMORE,THERE WAS NO EVIDENCE TO FIND PROBABLE CAUSE THAT APPLICANT COMMITTED THE ALLEGED OFFENSE.,AND NO FINDINGS SPECIFICALLY STATED IN THE TRANSFER ORDER.see,EX-B[ORDER WAIVING JURISDICTION].

6

EX-D

7

Rev. 01/14/14

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

EX-D

9

EX-D   Rev. 01/14/14

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10



Rev. 01/14/14

11

EX-D

**GROUND FOUR:**

**FACTS SUPPORTING GROUND FOUR:**

12

Ex-D

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16



Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, ~~JOSEPH BARNARD HINES~~ _____, am the applicant / petitioner (circle one) and being presently incarcerated in ~~TEX. DEPT. OF CRIM. JUST.~~ _____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on ~~~~ MARCH 16 _____, 20 15 .

_____
Signature of Applicant / Petitioner (circle one)

17

Ex-D

Rev. 01/14/14

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

EX PARTE                          §

JOSEPH BARNARD HINES,             §    TRIAL CAUSE NO.776435
            APPLICANT             §    WRIT NO._____


MEMORANDUM OF LAW AND ARGUMENT IN SUPPORT OF SECOND APPLICATION FOR WRIT OF
HABEAS CORPUS RELIEF,PURSUANT TO T.C.C.P. ARTICLE 11.07§4 (a)(1)(b) &(a)(2).

---

To the Honorable Judges of said court:

Now comes,JOSEPH BARNARD HINES,Applicant,in pro se,seeking habeas corpus re-
lief pursuant to T.C.C.P. ART. 11.07 § 4(a)(1)(b) & (a)(2).

Applicant submitts that he is being illegally confined in that his convictio
ion is in violation of the law of both the United States and Texas Constitut-
ion, where Applicant is being deprived of his due process rights guaranteed
by the 4th & 14th ameddment of the United States COnstitution.

IN PRO SE

I.

Ex-D

# TABLE OF CONTENTS

TITLE                                                                PAGES

COVER LETTER . . . . . . .. . . I

TABLE OF CONTENTS . . . . . . . . . II

GROUND FOR RELIEF . . . . . . . III

SUMMARY OF FACTS AND PROCEDUREL HISTORY . . . . . IV

11.07 § 4 STATEMENT . . . . . . . . . . V-VI

GROUND ONE . . . . . . . . . . 1-6

PRAYER FOR RELIEF . . . . . . . . 7


EXHIBITS[EX]:

EX-A [PETITION IN JUVENILE CASE NO.098007557] . . .. . . 8

EX-B [ORDER WAIVING JURISDICTION] . . . . . . . 9

EX-C [ORDER RESUMMING JURISDICTION] . . . . . 10

EX-D [JUDGMENT AND SENTENCE; TR.NO.776435] . . . . 11

EX-E [AFFIDAVIT OF APPLICANT] . . . . . . 12

EX-F [MOTION TO SUPPRESS IDENTIFICATION TESTIMONY] . . . 13

EX-G [JUVENILE RECORDS] . . . . . . 14

EX-H [ORDERS WAIVING JURISDICTION IN TR. NO.776435;800590;800591;809692] . . . 15

## GROUND FOR RELIEF PRESENTED IN SECOND WRIT OF HABEAS CORPUS.

GROUND ONE: THE JUVENILE COURT ABUSED IT'S DISCRETION BY WAIVING IT'S JURIS-
DICTION AND TRANSFERRING APPLICANT TO A CRIMINAL COURT; THEREFORE THE CRIMINAL
COURT LACKED JURISDICTION OVER APPLICANT WHERE THE TRANSFER ORDER MADE NO
FINDINGS ABOUT THE SPECIFICS OF THE ALLEGED OFFENSE. APPLICANT IS BEING DENIED
HIS CONSTITUTIONAL RIGHT OF DUE PROCESS GUARANTEE BY THE 14th AMENDMENT OF
THE UNITED STATES.

EX'D            III.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

Applicant was sixteen years of age at the time of his illegal arrest for criminal offenses on 12-17-97 by detective Moore and detective Baker from Eishower High School where he was attending class. The detectives kidnapped Applicant and took him to a local police department in harris county where he was photographed,finger-printed,and innterrogated for hours then release on side of the road. Three weeks later on 1-8-98 the same detectives returned to Eishower High School and arrested Applicant in his classroom and took him to the same police department where he was photographed,finger-printed,and innterrogated a second time for a few hours then transferred him to the Juvenile Detention Center-West Dallas,where he was charge.

The State filed petitions seeking the waiver of jurisdiction of the 313th juvenile court.see,EX-A[PETITION IN JUVENILE CASE NO.09800755J[. A certification hearing was held where the juvenile court granted the States petition and issued a order waiving jurisdiction.see,EX-B[ORDER WAIVING JURISDICTION,NO.09800755J].

Applicant was transferred to the 180th criminal district court on 2-25-98. see,EX-C[ORDER RESUMING JURISDICTION,TR. NO.776435]. Where he plea guilty to the offense on 11-1-99 and was sentence to fifteen years in the Texas Department of Criminal Justice-ID.see,EX-D[JUDGMENT AND SENTENCE,TR. NO.776435].

Applicant filed a motion for new trial on 9-29-00; A notice of appeal was filed on 9-8-00[CASE NO.14-00-010-15-CR] and the 14th Court of Appeals dismissed the appeal for lack of jurisdiction.Tex. R.App.R.26.

No appeal to the order waiving jurisdiction was taken where Applicant was not informed by certification hearing counsel BOB LOPER,or by trial counsel CHARLES A. BROWN[see,EX-E[AFFIDAVIT OF APPLICANT],or by the court of the right to appeal such process.see,EX-B[ORDER WAIVING JURISDICTION].

Applicant then filed his original 11.07 writ of habeas corpus on or 4-20-02, which was denied without written order in WR-55,762-02.

Ex·D　　Pg. IV

## 11.07 SECTION 4 STATEMENT:

Applicant now files this second writ of habeas corpus pursuant to artical 11 11.07 § 4(a)(1)(b) & (a)(2). Because the current claimshas not been and could not have been reasonably formulated on the date of the filing of his original habeas corpus,because the legal basis of the claim[STANDAR FOR REVIEW] was not recognized by and could not have been reasonbbly formulated from a FINAL DECIS-ION of a COURT OF APPEALATE JURISDICTION[MOON V. STATE,410 S.W. 3d 366(Tex. App.-Houston[1st Dist.]2013,aff'd ___ S.W. 3d___ ,2014 Tex. CRIM. APP. LEXIS 1918,2014 WL 6997366.] of th this state on or before the filing of original habeas corpus.

Alsp,by the preponderance of the evidence,but for the violation of Applicants due process rights of the United States Constitution no rational juror or judge could have found him guilty or accepted his guilty plea where the criminal district court lacked jurisdiction.

Under the plain language of the statute,once an Applicant files an application challenging the conviction,all subsequent applications regarding the same conviction must meet "one" of the two conditions set forth in,Texas Code of Criminal Procedures 11.07 §4(a)(1) & (2).see,EX PARTE WHITESIDE,12 S.W. 3d 821.

The Texas Court of Criminal Appeals held,"What is lacking in our statutory scheme-as is lacking in Kent-is any express statement of the applicable standard of appellate review of the juvenile court's transfer order.

In the absence of an explicit statutory standard of appellate review,the courts of appeals have filled the void with decisional law spelling out how they will go about providing the "meaningful review" contemplated by KENT.see, MOON v STATE,2014 Tex. Crim. App. LEXIS 1918;see also,MOON v. STATE,410 S.W.3d 366(TEX.APP.-HOUSTON[1st Dist]2013.

Justict KELLER,stated,"For almost forty years,the tendency among the courts of appeals has been to hold that a juvenile transfer order need not specify in detail the facts supporting the order. The Court of Appeals in this case broke rank with the weight of that authority,and this court now goes along with the court of appeals unconventional holding.

In the instant case,even if Applicant had raise thie issue on appeal or in his original writ of habeas corpus it would have been fruitless where there was a void in the statutory scheme process of a applicable standard of review.

Finally Applicant contends that his second writ of habeas corpus contains a

Ex.D    v.

legal basis which was unavailable on or before the filing of his original habeas corpus where said claim could not have been reasonably formulated from the FINAL DECISION of a COURT OF APPELLATE JURISDICTION OF THIS STATE[MOON V. STATE,410 s.w. 3d 366(TEX.APP.-HOUSTON[1st dist]2013),aff'd,___S.W. 3d___,2014 TEX. CRIM. APP. LEXIS 1918,2014 WL 6997366.],and but for a violation of the United States Constitut-ion.

EX.D     VI.

GROUND ONE: THE JUVENILE COURT ABUSED IT'S DISCRETION BY WAIVING IT'S JURIS-
DICTION AND TRANSFERRING APPLICANT TO A CRIMINAL DISTRICT COURT; THEREFORE THE
CRIMINAL COURT LACKED JURISDICTION OVER APPLICANT WHERE THE TRANSFER ORDER WAS
MADE NO FINDINGS ABOUT THE SPECIFICS OF THE ALLEGED OFFENSE.

---

STANDARD FOR REVIEW:

When reviewing the process of a juvenile court transferring a juvenile to a
criminal court is reviewed by KENT v. UNITED STATE,the United States Supreme
Court characterized the statutory transfer proceedings in the District of COL-
UMBIA as "critically important",and held that any statutory mechanism for wai-
ving juvenile-court jurisdiction must at least "measure up to the essentials
of due process and fair treatment." Among the requisites of a minimally fair
transfer process is the opportunity for a meaningful appellate review.id 16 L.
ED 2D 84,383 US 541,86 S. Ct.1045.

A policy memorandum promulgated by the District of COLUMBIA Juvenile Court's
that describes "determinative factors" for guiding the juvenile court's dis-
cretion in deciding whether waiver of it's jurisdiction over a particular ju-
venile offender is appropriate. id.

The Texas legislature incorporated those factors set out in Kent,into it's
own statutory scheme.TEX. FAM. CODE ANN.§54.02(f).

The 1st Court of Appeals of Houston has set a proper standard for a meaning-
ful review comtemplated by Kent,in it's ruling in MOON v. STATE,410 S.W. 3d
366,2013 TEX. APP. LEXIS 9345(TEX. APP. HOUSTON 1st DIST. 2013),aff'd___S.W.
3d____,2014 TEX. CRIM. APP. LEXIS 1918,2014 WL 6997366,where it's sister
court ,the 14th court of appeals has followed suit in GUERRERO v. STATE,2014
TEX. APP. LEXIS 13773 no.14-13-00101-CR(TEX. APP. HOUSTON 14th dist.2014).

ARGUMENT AND AUTHORITY:

Applicant contends that he is being illegally restrained of his liberty in
violation of his 4th & 14th amendment of due process where the juvenile court
abused it's discretion by waiving jurisdiction and did not show it's work by
specifically stating in it's written order it's reasons for waiver and the
findings of the court.see,EX-B[ORDER WAIVING JURISDICTION].

The juvenile court stated in it's order that there is probable cause to be
lieve that the child committed the offense alleged,but the court showed no

EX.D          1.

finding.see,EX-B[ORDER WAIVING JURISDICTION]. When,in fact,the court probable cause was based on illegally obtained evidence[1] that was obtained during a unlawful arrest, where Applicant was kidnapped by detective Moore and detective Baker from Eishower High School where he attended classes on or about 12-17-97 and taken to a police department,where he was photographed,finger-printed,and innterrogated for hours then release on side of the road to parent.see,EX-E [AFFIDAVIT OF APPLICANT],see also,EX-F[MOTION TO SUPPRESS IDENTIFICATION TESTIMONY].

Applicant was again arrest by the same detectives three weeks later on or about the 8th day of January,1998, from his classroom and taken to the same police department where he was photographed,finger-printed,and innterrogated a second time; Where detectives claim the victims identified him as the person who committed the crimes.see,EX-G[JUVENILE RECORDS].

The juvenile report stated that detective Moore was able to obtain a photograph of the shorter suspect,which would be Applicant,because a patrol officer suspected him of being involved in criminal activity.see,EX-G[JUVENILE RECORDS].

Applicant's photograph was not in the police department system on or about 12-17-97,and the juvenile court did not have any evidence presented to it of any probable cause for Applicant's arrest on or about 12-17-97.to obtain such evidence. So,any finding of probable cause would be void,because at the time of the arrest on 12-17-97 detectives Moore & Baker had no probable cause to arrest Applicant,where he was not committing a crime at the time of arrest, there was no evidence that he had committed a crime or any reason to make a prudent man believe that he had committed an offense.

The test applicable in determining whether there is probable cause for arrest without a warrant,a prudent man in believing that the arrested person had committed or was committing an offense is set out in,BRITTEN v. STATE, 578 S.W. 2d 685,689(TEX. CRIM. APP. 1979)(on rehearing cert. denied,444 U.S. 955,100 S. Ct. 435,62(L ED 2d 328(1979).

An inarticulate hunch,suspicion or good faith of the arresting officer is insufficient to constitute probable cause for a arrest,search,or temporary detention.see,FATEM v. STATE,558 S.W. 2d 463,466.

---

1.APPLICANT'S PHOTOGRAPH,FINGER_PRINTS,AND DNA

EX-D

When investigative detention is based on nothing more than inarticulate hunch, the fruits of the detention and subsequent search are inadmissible in evidence. see, TUNNELL v. STATE, 554 S.W. 2d 697, 698.

Obtaining finger printsevidence violates the fourth and fourteenth amendment, so as to make sure evidence inadmissible in a state criminal trial, where (1) the finger-prints were obtained while the accused was detained at police head-quarters without probable cause for his arrest, (2) the detention at police headquarters of the accused and other persons of similar description was not authorized by a judicial officer, (3) the accused was unnecessarily required to undergo two finger-printing seesions, and (4) the accused was not merely finger printed during the first of two sessions, but was also subjected to innterro-gation. see, DAVIS v. MISSISSPI, 22 L ED 2d 676, 394 U.S. 721.

In MAPP v. OHIO, the court held, "All evidence obtained by searches and sei-zures in violation of the constitution is by that same authority, inadmissible in a state court." id. 367 U.S. 643, 655, 6 L ED 2d 1081, 81 S. Ct. 1684, 84 ALR 2d 933(1961).

A juvenile court waiver of jurisdiction begans with a finding of probable cause to believe that the juvenile committed the alleged offense, which is nec-essary for the juvenile court to waive it's exclusive jurisdiction on suffici-ent facts. and circumstances to warrant a prudent man to believe that the suspe pect had committed or was committing an offense. IN THE MATTER OF D.W.L., 828 S.W. 2d 520(1992 TEX. APP. LEXIS 855); GERSTEIN v. PUGH, 420 U.S. 103, 112, 43 L. ED. 2d 54, 95 S. Ct. 854(1975. Probable cause for an arrest applies this same standard. see, SMITH v. STATE, 739 S.W. 2d 848, 853(TEX.CRIM.APP. 1987); IN THE MATTER OF N.M.P., 969 S.W. 2d 95(1998 TEX. APP. LEXIS 2355).

In the instant case, detective Moore, and Baker were without probable cause to arrest Applicant on 12-17-97 and obtain evidence without authority of a judi-cial officer as set out in Tex. Fam. Code Ann.:52.025 (b)(3), and it was a abuse of discretion of the juvenile court to find probable cause (that waive jurisdiction) that Applicant committed the offense where there was no evidence shown of probable cause to arrest on 12-17-97 to obtain Applicant's photo-graph, finger prints, or to innterrogate.

The juvenile courts abuse of discretion continued further where the order waiving jurisdiction did not specifically state it's reasons for waiver and certify it's action in a written order and the findings of the court. The juvenile court merely filled out a form certification order containing

EX.D    3

"boilerplate" language and did not include specific evidentiary findings to support it's determinations.see,EX-B[ORDER WAIVING JURISDICTION].

Before a juvenile court may exercise it's discretion to waive jurisdiction over an alleged child offender,the juvenile court must consider the non-exclusive statutory factors of Tex. Fam. Code Ann.§54.02(f) to faciltate the juvenile court's balancing of the potential danger to the public posed by the particular juvenile offender with the juvenile offender's amendbility to treatment.  Should the juvenile court choose to exercise it's discretion to waive jurisdiction over the child,then Texas Juvenile Justice Code directs it to the state specifically in a written order it's reasons for waiver and to certify it's action,including the written order and finding of the court.see,GUERREO v STATE,2014 TEX.APP. LEXIS 13773(TEX. APP. 14th dist.-Houston).

Texas Family Code Ann.§54.02(h) obviously contemplates that both the Juvenile Court's reasons for waiving it's jurisdiction and the findings of fact that undergird those reasons should appear in the transfer order.  In order to justify the broad discretion invested in the juvenile court,a court should take pains to show it's work,as it were,by spreading it's deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that it's decision was in fact appropriately guided by the statutory criteria,principled,and reasonable-in short,that it is a decision demonstrably deserving of appellate imprimatur even if the appellate court might have reached a different result. The legislature purpose of Tex. Fam. Code Ann. §54.02(h) is not well served by a transfer order so lacking in specifics that the appellate court is forced to speculate as to the juvenile court's reasons for findings transfer to be appropriate or the facts the juvenile court found to substantiate those reasons. Conversely,the juvenile court that does the heavy lifting Tex. Fam. Code Ann.§54.02(h) requires and shows it's work should rarely be reversed. id.; MOON v. STATE,2014 TEX. CRIM. APP. LEXIS 1918.

## TRANSFERRING JUVENILE JURISDICTION

Section 54.02 of the juvenile justice code provides that the juvenile court may waive it's exelusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was:

(A) 14 years of age or older at the time he is alleged to have committed the

EX·D  4

offense,if the offense is a capital felony,an aggravated controlled substance felony,or a felony of the first degree,and no adjudication hearing has been conducted concerning that offense;or (B) 15 years of age or older at the time the child is alleged to have committed the offense,if the offense is a felony of the second or third degree or a state jail felony,and no adjudication hearing has been conducted concering that offense; and (3) after a full investigation and a hearing,the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.Tex. Fam. Code Ann.§54.02(a).

To facilitate this determination,the juvenile court must consider,among other matters,the following factors:
1) whether the alleged offense was against person or property,with greater weight in favor of the transfer given to offenses against the person;
2) the sophistication and maturity of the child;
3) the record and previous history of the child;
4) the prospect of adequate protection of the public and the likelihood of the rehabilitation of
t the child by use of procedures,services,and facilities currently available to the juvenile court. id. §54.02(f).

If the juvenile court waives jurisdiction,it's[15] required to "state specifically in the order it's reasons for waiver and certify it's action,including the written order and findings of the court."id.§54.02(h).

In the instant case,which is identical to MOON,the only reason specifically stated in the juvenile court's order to justify the waiver of jurisdiction was that the offense alleged was a serious one,and the only fact specified in support of this reason was that the offense alleged was committed against a person.see,EX-B[ORDER WAIVING JURISDICTION] .

The Court held that a waiver of juvenile jurisdiction "based on this partie cular reason,fortified only by this fact,constitutes an abuse of discretion."
Additionally,the COurt determined that other fact findings included in the juvenile court's written order were "superfluous" because,although those facts findings would have been relevant to support a transfer for the alternative re reason that the appellant's background was such as to render waiver of juvenile jurisdiction appropriate,the juvenile court did not cite the appellant's background as a reason for in transfer in the written order. MOON v. STATE,2014

EX·D  5

TEX. CRIM. APP. LEXIS 1918,[WL] at* 14-15.

In the instant case,like the order in MOON,the transfer order in this case makes no findings about the specifics of the alleged offense,where here,aggravated robbery and finds no more than probable cause to believe that applicant committed the offense alleged.see,EX-B[ORDER WAIVING JURISDICTION]. Also,as in MOON ,the only stated reason given for Applicant's transfer was that "because of the seriousness of the offense,the welfare of the community requires criminal proceedings," and the only specific fact supporting this reason was that "the offense alleged to have been committed was against the person of another."

MOON,instructs that that the juvenile courts waiver of jurisdiction "based o on this particular reason fortified only by this fact" constitutes an abuse of discretion.2014 TEX. CRIM. APP. LEXIS 1918,[WL]at *14.

In the instant case,due to the juvenile court abuse of discretion during the certification hearing violating Applicant's due process rights and the criminal district court was without jurisdiction to enter it's judgment.

Also,by a preponderance of the evidence,but for a violation of the United States Constitution[lack of jurisdiction and denial of due process]no rational fact finding or juror could have found Applicant guilty of accepted his guilty plea beyond a reasonable doubt.

HARM:

Applicant was harm by the juvenile courts abuse of discretion during the certification hearing where his fourth and fourteenth amendment of the United States Constitution was violated and force him to a criminal district court lacking jurisdiction to issue a judgment by convicting him as an adult. And such conviction is causing collateral consequences where the illegally obtain evidence is the foundation of other criminal convictions in trial cause numberss 776,436,; 800590; 800591; 809892,which are transferred offenses from the juvenile court with identical orders waiving jurisdictions as MOON.see,EX-H [ORDERS WAIVING JURISDICTION IN TR. NO.776436;800590;800591;809892].

The juvenile court's order waiving jurisdiction is harm in it self where an abuse of discretion is completely shown as evidence on it's face.



## PRAYER FOR RELIEF

Applicant ~~respectfully~~ *respectfully* prays this Court grants him relief by an acquital due to lack of probable cause for his arrest on or about 12-17-97 which evidence was illegally obtain; or in alternative relief that the 180th criminal district courts judgment is vacated and dismiss, and the case is remanded to the juvenile court.

Applicant further praye that this court take into consideration the other four orders waiving jurisdiction presented as exhibits and ~~remand~~ *VACATE* the judgment in those cases in the 180th district court and remand the cases to the juvenile court ,because Applicant plans to ~~being~~ *bring* litigation in these cases as well and it would be a waste of judicial resources to file additional writs.

x _____

C.C.F.

JOSEPH BARNARD HINES
#901768-CONNELLY UNIT
899 f.m. 632
KENEDY,TX. 78119

IN PRO SE

EX.D    7

ORIGINAL

3/P-2
CER

NO. 98-00755J

THE STATE OF TEXAS | IN THE 313TH DISTRICT COURT

COUNTY OF HARRIS | OF HARRIS COUNTY, T E X A S

ORDER WAIVING JURISDICTION

IN THE MATTER OF JOSEPH BARNARD HINES.

ON THE 24TH day of FEBRUARY, 1998, a hearing was held in the above styled and numbered cause under Section 54.02 of the Family Code, on the issue of waiver of jurisdiction. Prior thereto the Court had ordered and obtained a diagnostic study, social evaluation, a full investigation of the child, his circumstances, and the circumstances of the alleged offense, counsel, BELINDA PITT was retained more than ten (10) days prior to the hearing; the counsel for the child was given access to all written matter to be considered by the court in making the transfer decision more than one (1) day prior to the hearing; said child, JOSEPH BARNARD HINES and his mother, CHERRIE MARSHALL had been served with citation more than two (2) days prior to the hearing. After full investigation and hearing at which hearing, the said JOSEPH BARNARD HINES and his mother, CHERRIE MARSHALL were present; the court finds that the said JOSEPH BARNARD HINES, is charged in violation of penal laws of the grade of felony, if committed by an adult, to wit: AGGRAVATED ROBBERY OF HUAN VU, COMMITTED ON OR ABOUT DECEMBER 15, 1997; that there has been no adjudication of this offense; that he was 14 years of age or older at the time of the commission of the alleged offense having been born on the 26TH day of MARCH, 1981; that there is probable cause to believe that the child committed the offense alleged and that because of the seriousness of the offense, the welfare of the community requires criminal proceedings. In making that determination, the Court has considered among other matters:

1.  Whether the alleged offense was against person or property, with the greater weight in favor of waiver given to offenses against the person;

2.  The sophistication and maturity of the child;

3.  The record and previous history of the child; and

4.  The prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by use of procedures, services and facilities currently available to the Juvenile Court.

The Court specifically finds that the said JOSEPH BARNARD HINES is of

Ex. D

sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional and statutory rights heretofore waived by the said JOSEPH BARNARD HINES, to have aided in the preparation of his defense and to be responsible for his conduct. That the offense alleged to have been committed was against the person of another and the evidence and reports heretofore presented to the court demonstrate to the court that there is little, if any prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the said JOSEPH BARNARD HINES by use of procedures, services, and facilities currently available to the Juvenile Court.

IT IS THEREFORE ORDERED that the jurisdiction of this Court sitting as a Juvenile Court, be and it is hereby waived, and the said JOSEPH BARNARD HINES be and the same is hereby transferred to the Criminal District Court of Harris County, Texas, for criminal proceedings in accordance with the Code of Criminal Procedure.

Signed this ___25___ day of __FEBRUARY__, 1998.

_____
JUDGE, 313TH DISTRICT COURT
OF HARRIS COUNTY, T E X A S

EX-D



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

May 4, 2015

Joseph Hines #901768
Connally Unit
899 FM 632
Kenedy, TX 78119

RE: Trial Court Case # 776435-B

Dear Mr. Hines :

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/kd
Enclosure

EX-E